IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

No. 16-277-T

(Judge Thomas C. Wheeler)

QUEST DIAGNOSTICS, INC.

                 Plaintiff,

v.

THE UNITED STATES,
                 Defendant.
_____

**ANSWER**
_____

  Defendant, the United States of America, in answer to the Complaint of plaintiff Quest Diagnostics, Inc., respectfully denies each and every allegation contained therein that is not expressly admitted below.  Defendant further responds to each separate paragraph of the Complaint as follows:

  0.  In response to the introductory paragraph preceding paragraph 1, which purports to summarize allegations in the enumerated paragraphs of the Complaint, incorporates herein defendant's responses to the enumerated paragraphs of the Complaint. Denies further that any "income taxes and related interest and penalties" were "erroneously assessed." Denies further that the "civil settlement payments" "represented a compensatory payment." Denies further that the "civil settlement payments" "qualified as an ordinary and necessary business deduction." Denies further that plaintiff is entitled to any relief in this action.

-1-

1.      In response to paragraph 1, admits that Quest Diagnostics Incorporated has an employer identification number of XX-XXX7862. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff is "a Delaware corporation" or that its principal place of business is "at 3 Giralda Farms in Madison, New Jersey." Avers that, on plaintiff's tax correspondence with the Internal Revenue Service, plaintiff identified its address as 1290 Wall Street West – Attn: Tax Dept. 5th Floor; Lyndhurst, NJ 07071.

2.      Admits paragraph 2.

3.      Avers, in response to paragraph 3, that, to the extent that subject matter jurisdiction exists, it is conferred by 28 U.S.C. § 1491(a)(1). Avers that defendant has not identified any jurisdictional defects that it currently intends to raise.

4.      States that paragraph 4 constitutes legal argument as to which no response is required.

5.      Avers, in response to paragraph 5, that in April of 2009 the United States of America and plaintiff negotiated a settlement of claims that plaintiff violated various laws, including the False Claims Act, 31 U.S.C. § 3729, *et seq*. Denies that the settlement was a "global resolution of all potential" claims and avers, instead, that the civil settlement concerned "Covered Conduct" that was specifically defined in a settlement agreement, and that plaintiff's guilty plea concerned specific felony claims that were set forth in a criminal information.

6.      Admits, in response to the first sentence of paragraph 6, that plaintiff entered into a settlement of specific civil claims brought by the United States and entered a guilty plea to specific criminal claims brought by the United States; denies that such agreements constituted a "global

resolution." In response to the second sentence of paragraph 6, avers that that the civil settlement concerned "Covered Conduct" that was specifically defined in a settlement agreement, and that plaintiff's guilty plea concerned specific felony claims that were set forth in a criminal information. Whether the second sentence of paragraph 6 accurately summarizes those specific claims depends on the meaning of the phrase "broadly speaking," which is ambiguous.

7. In response to the first sentence of paragraph 7, admits that plaintiff and the United States entered into a settlement agreement that was executed by various parties in April of 2009. In response to the second sentence of paragraph 7, avers that the terms of the release are set forth in the settlement agreement and concerns "Covered Conduct" specifically defined in the settlement agreement. Admits the third sentence of paragraph 7.

8. In response to paragraph 8, admits that plaintiff pled guilty to specific felony claims set forth in a criminal information. Further admits that plaintiff paid a $40,000,000 fine pursuant to that guilty plea.

9. In response to the first sentence of paragraph 9, admits that plaintiff entered into a settlement with various states, which speaks for itself as to the claims and conduct that it covered. Admits the second sentence of paragraph 9. States that no response is required to the third sentence of paragraph 9.

10. Defendant admits that plaintiff filed a consolidated federal income tax return for the tax year ended December 31, 2009. States that the allegation that the return was "timely filed" constitutes a legal conclusion as to which no response is required.

11. In response to the first sentence of paragraph 11, admits that plaintiff attempted to deduct the full amount of the payments of $262,000,000 and $6,200,000 from its taxable income for the 2009 tax year, but denies that plaintiff was entitled to deductions in those full amounts. Admits the second sentence of paragraph 11.

12. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Admits that the IRS conducted an examination of plaintiff's income tax return for the 2009 tax year and proposed to limit plaintiff's deduction for the settlement payments at issue to $180,038,311. Avers that the basis of the IRS position is set forth in a Form 886-A, "Explanation of Items," which speaks for itself as to its content.

13. Admits.

14. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Avers further that the "position" taken by the IRS is set forth in Forms 886-A, "Explanation of Items," which speak for themselves as to their content.

15. Admits that the IRS asserted an accuracy related penalty against plaintiff in the amount of $7,395,668 and denies plaintiff's arguments that the penalty had no support in fact or law.

16. Admits.

17. Admits that plaintiff filed a Form 1120X "Amended U.S. Corporation Income Tax Return," and a Form 843 "Claim for Refund and Request for Abatement" with the IRS, collectively seeking a refund of tax, penalties, and interest in the amount of $45,484,687.06 for the

income tax period ended December 31, 2009. Avers that the Forms were accompanied by a cover letter dated July 31, 2015, were signed on August 6, 2015, and were stamped "received" by the IRS service center on various later dates in August of 2015 (including August 10, 2015, August 12, 2015, August 14, 2015, and August 19, 2015). States that the allegation that the refund claims were "timely" filed constitutes a legal conclusion as to which no response is required.

18. Admits that, by letter dated October 28, 2005, the IRS disallowed plaintiff's administrative claim for a refund of tax, penalties, and interest in the amount of $45,484,687.06 for the income tax period ended December 31, 2009.

19. In response to paragraph 19, states that the claims in plaintiff's Complaint speak for themselves. Denies that plaintiff is entitled to the relief that it seeks.

20. Denies.

21. Admits that plaintiff filed its Complaint less than two years after the IRS disallowed its administrative claims for refund. States that the allegation that the Complaint was "timely filed" is a legal conclusion to which no response is required.

22. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23-24. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 23 and 24 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

25. Admits that a relator filed a *qui tam* action in the United States District Court for the Eastern District of New York. Avers that the Complaint in that action speaks for itself as to its allegations.

26-41. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 26 through 41 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

42. Admits that Exhibit D is a copy of an email from plaintiff's counsel to Paul Kaufman, Assistant United States Attorney, and avers that the email speaks for itself as to its content.

43. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

44. Admits that plaintiff pled guilty to specific felony claims that were set forth in a criminal information. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff entered into a "criminal plea agreement" on April 14, 2009. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

45. Admits that plaintiff pled guilty to specific felony claims that were set forth in a criminal information and that plaintiff was required to pay a criminal file of $40,000,000 it its sentence for those claims.

46-47. Admits.

48. Admits that Exhibit E is a copy of a settlement agreement entered into by, among other parties, both plaintiff and the United States. Admits that the settlement agreement was executed by the parties on various dates in April of 2009. Admits that the preamble of the settlement agreement provides, in paragraph I: "WHEREAS to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below." Denies that the settlement agreement was "global" and avers, instead, that the settlement agreement concerned "Covered Conduct" specifically defined in the settlement agreement.

49. Admits that the settlement agreement defined "Covered Conduct" in paragraph F of the preamble and that the definition speaks for itself.

50. Admits that paragraph 10 of the settlement agreement includes the quoted language. Avers that paragraph 10 also includes other language not quoted in paragraph 50 of the Complaint.

51. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.) Avers

that the settlement agreement provides, in paragraph 22: "For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute."

52. Admits that paragraph 1.a of the settlement agreement provides, in part, that "Defendants agree to pay to the United States $262,000,000, plus 3.875% annual interest on that amount accruing between October 1, 2008, and the Effective Date of this Agreement." Avers that plaintiff had various other obligations under the settlement agreement, as well.

53. Admits that the settlement agreement included a release of claims and avers that the terms of the release are set forth in the settlement agreement and concerns "Covered Conduct" specifically defined in the settlement agreement.

54. Admits that plaintiff paid $262,000,000 to the United States. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff "performed all its obligations under the Settlement Agreement."

55. Admits that plaintiff attempted to deduct the full amount of the payment of $262,000,000 from its taxable income for the 2009 tax year, but denies that plaintiff was entitled to a deduction in that full amount.

56. Admits that Exhibit F is a copy of a state settlement agreement entered into by both plaintiff and the State of California. Admits that the state settlement agreement was executed by the parties on various dates in July and August of 2009. Avers that the state settlement agreement concerns "Covered Conduct" specifically defined in the agreement.

57. Admits that plaintiff agreed to pay $6,200,000 under the state settlement agreement. Avers that plaintiff had various other obligations under the settlement agreement, as well.

58. Admits that plaintiff paid the $6,200,000 contemplated under the state settlement agreement.

59. Admits that plaintiff attempted to deduct the full amount of the payment of $6,200,000 from its taxable income for the 2009 tax year, but denies that plaintiff was entitled to a deduction in that full amount.

60. Admits that paragraph 17 of the state settlement agreement reads, as follows: "Nothing in this Agreement constitutes an agreement by the State or Defendants concerning the characterization of amounts paid hereunder for purposes of the Federal or State's revenue code."

61-64. Paragraphs 61 through 64 of the Complaint constitute legal conclusions as to which no response is required.

65. In response to paragraph 65, incorporates defendant's responses to paragraphs 1 through 64.

66. Admits that the IRS did not participate in negotiations of the settlement agreement between the United States and plaintiff, but avers that other agencies of the United States did participate.

67. Admits that the IRS was not a party to the settlement agreement between the United States and plaintiff, but avers that other agencies of the United States executed the settlement agreement on behalf of the United States.

68-69. Admits.

70. In response to paragraph 70, avers that the settlement agreement speaks for itself as to its content.

71. Denies.

72. In response to paragraph 70, avers that the state settlement agreement speaks for itself as to its content.

73. Denies.

74. In response to paragraph 74, defendant admits that paragraph 10 of the settlement agreement reads, in part, that "Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Laws, Title 26 of the United States Code." Defendant further admits that paragraph 16 of the state settlement agreement reads: "Nothing in this Agreement constitutes an agreement by the State or Defendants concerning the characterization of amounts paid hereunder for purposes of the Federal or State's revenue code."

75. Admits that plaintiff claimed a deduction of $262,000,000 from its taxable income for the payment it made in connection with the settlement agreement. Denies that plaintiff was entitled to take a deduction in that full amount.

76. Admits that plaintiff claimed a deduction of $6,200,000 from its taxable income for with the payment it made in connection with the state settlements. Denies that plaintiff was entitled to take a deduction in that full amount.

77. Denies.

78. Admits that the IRS issued a Form 5701 "Notice of Proposed Adjustment" regarding plaintiff's 2009 federal income-tax return, including attached Forms 886A "Explanation of Items," and that Exhibit G is a copy of portions of that Notice and the attached Forms. Avers that the Notice was dated February 29, 2013, but was noted as having been "issued" on March 4, 2013.

79. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Avers that the Form 886A "Explanation of Items" speaks for itself as to it content.

80. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Admits that the Form 886A "Explanation of Items" proposed to disallow $88,161,689 of plaintiff's claimed deduction for the settlement payments.

81. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Admits that, among other things, the Form 886A "Explanation of Items" referenced an "FMIS Debt Management Module – Receipt and Payment Detail Report."

82. Admits that Exhibit H is a copy of the "FMIS Debt Management Module – Receipt and Payment Detail Report" that was attached to the Form 886A "Explanation of Items." Avers that the "FMIS Debt Management Module – Receipt and Payment Detail Report" speaks for itself as to it content. Avers that the quoted language "internally allocated" does not appear on the "FMIS Debt Management Module – Receipt and Payment Detail Report."

83. Admits that the "FMIS Debt Management Module – Receipt and Payment Detail Report" that was attached to the Form 886A "Explanation of Items" reflects that its content was "AS OF 03/12/10 AT 19.14.20." States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the document "was prepared in March 2010."

84. Admits.

85-87. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 85 through 87 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

88. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Admits that, during the administrative process, the IRS did not challenge plaintiff's claimed deduction of $176,938,311 of the $262,000,000 payment that Quest made under the settlement agreement.

89. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Avers further that the Form 886-A, "Explanation of Items," prepared by the IRS speaks for itself as to its content.

90. Admits.

91. Admits that, of plaintiff's claimed deductions from taxable income on its return for the tax year ended December 31, 2009, the IRS proposed to disallow $88,161,689 of those deductions.

92-95. Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Avers further that the Form 886-A, "Explanation of Items," prepared by the IRS speaks for itself as to its content.

96. Admits that the IRS asserted an accuracy related penalty against plaintiff in the amount of $7,395,668 and denies plaintiff's arguments that the penalty had no support in fact or law.

97. Admits that plaintiff paid interest to the United States in the amount of $5,555,674, and further that those interest amounts are reflected on the "FMIS Debt Management Module – Receipt and Payment Detail Report." Admits that paragraph 1(a) of the settlement agreement required plaintiff "to pay to the United States $262,000,000, plus 3.875% annual interest on that amount accruing between October 1, 2008, and the Effective Date" of the agreement.

98. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

99-100. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraphs 99-100 of the Complaint. Avers further that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant, including any decision by the IRS during the administrative process not to dispute a particular deduction claimed by plaintiff.

101. Admits that Quest submitted a written protest to the IRS, which speaks for itself as to its content. Avers that the protest letter was dated June 21, 2013, and was delivered to the IRS on June 24, 2013. Admits that plaintiff communicated with an IRS Appeals Officer regarding the issues raised in the protest.

102. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the IRS issued a notice of deficiency to plaintiff on December 9, 2014. Avers that the IRS assessed an underpayment of tax against plaintiff in the amount of $30,856,591, underpayment interest in the amount of $7,232,276.11, and an accuracy penalty in the amount of $7,395,668.

103. Admits that the transcript of plaintiff's income tax account for the tax year ended December 31, 2009, reflects that, on July 13, 2015, plaintiff made an advance payment of deficiency in the amount of $45,484,687.06.

104. Admits that Exhibit I is a copy of a Form 1120X "Amended U.S. Corporation Income Tax Return" that plaintiff filed with the IRS, seeking a refund of tax and interest in the amount of $30,856,591 for the income tax period ended December 31, 2009. Avers that the Form was accompanied by a cover letter dated July 31, 2015, was signed on August 6, 2015, and was stamped "received" by the IRS service center on various later dates in August of 2015 (including August 10, 2015, August 12, 2015, August 14, 2015). Admits that the Form was filed with the IRS service center in Ogden, Utah. States that the allegation that the refund claim was "timely" filed constitutes a legal conclusion as to which no response is required.

105. Admits that Exhibit J is a copy of a Form 843 "Claim for Refund and Request for Abatement" that plaintiff filed with the IRS, seeking a refund of penalties and interest in the amount of $14,628,096.06 for the income tax period ended December 31, 2009. Avers that the Form was accompanied by a cover letter dated July 31, 2015, was signed on August 6, 2015, and was stamped "received" by the IRS service center on various later dates in August of 2015 (including August 12, 2015, August 14, 2015, and August 19, 2015). Admits that the Form was filed with the IRS service center in Ogden, Utah. States that the allegation that the refund claim was "timely" filed constitutes a legal conclusion as to which no response is required.

106. Admits that Exhibit K is a copy of a letter dated October 28, 2005, in which the IRS disallowed plaintiff's administrative claim for a refund of tax, penalties, and interest in the amount of $45,484,687.06 for the income tax period ended December 31, 2009.

107-109. Denies. Further avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant.

110-113. Paragraphs 110-113 constitute legal argument as to which no response is required.

114. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of paragraph 114. In response to the second sentence of paragraph 114, states that the "FMIS Debt Management Module – Receipt and Payment Detail Report," speaks for itself as to its content.

115. Paragraph 115 constitutes legal argument as to which no response is required.

116-117. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 and 117.

118.	In response to paragraph 118, defendant states that the allegation regarding the large corporate overpayment interest rate under Internal Revenue Code § 6621(a)(2) constitutes legal argument as to which no response is required. States further that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the mathematics referenced in paragraph 118.

119.	In response to paragraph 119, states that the "FMIS Debt Management Module – Receipt and Payment Detail Report," speaks for itself as to its content.

120-121. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 120 and 121 of the Complaint. (In that regard, defendant's counsel states that he has requested the files of the Department of Justice regarding the False Claims Act claims at issue, and that defendant's counsel has not yet received those files.)

122.	States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 122.

123.	States that paragraph 123 constitutes legal argument as to which no response is required.

124.	Avers that because this is a *de novo* proceeding, the analysis and conclusions of the IRS during the administrative process is irrelevant. Avers further that the Form 886A "Explanation of Items" speaks for itself as to it content.

125-126. Denies.

127-130. Paragraphs 127 through 130 constitute legal argument as to which no response is required.

131. Denies that plaintiff is entitled to any relief in this case.

132-134. Denies.

135. Admits that Exhibit L is a Form 8275 "Disclosure Statement" that speaks for itself as to its content. Denies that the form has any effect on plaintiff's liability for a tax penalty.

136-138. Denies.

139. In response to the prayer for relief, denies that plaintiff is entitled to any of the relief that it seeks in this case.

WHEREFORE, defendant prays that plaintiff's Complaint be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems meet in the premises.

Respectfully submitted,

June 28, 2016

  */s/ Jason Bergmann*
JASON BERGMANN
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 616-3425 (tel)
(202) 514-9440 (fax)
jason.bergmann@usdoj.gov

CAROLINE D. CIRAOLO
  Acting Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
G. ROBSON STEWART
   Assistant Chief, Court of Federal Claims Section

   */s/ G. Robson Stewart*
  Of Counsel